54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank R. LaPENA, Plaintiff-Appellant,
v.
Vernon KISSEL, Correctional Officer; Eldon K. McDaniel,
Warden; Does I through XX, Defendants-Appellees.
 No. 94-16079.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank LaPena, a Nevada state prisoner, appeals pro se the district court's denial of his motion for a preliminary injunction for failure to demonstrate irreparable harm. LaPena alleges that prison guards are violating his Eighth Amendment rights by smoking in the prison law library when he is performing his voluntary work assignment and that prison officials are violating his Eighth Amendment rights by permitting smoking in the library in violation of the prison's no-smoking policy. LaPena alleges irreparable harm from these violations and sought a preliminary injunction. We have jurisdiction under 28 U.S.C. Sec. 1292(a)(1)[1] and we affirm.
 
 
 3
 We review a district court's denial of a preliminary injunction for abuse of discretion. Religious Technology Ctr. Church of Scientology v. Scott, 869 F.2d 1306, 1309 (9th Cir. 1989). Our review is limited, and it is only where the district court has applied erroneous legal standards or made clearly erroneous findings of fact that it has abused its discretion. Oakland Tribune, Inc. v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The district court should consider the likelihood of success on the merits and the probability and severity of harm when deciding a motion for preliminary injunction. Id. These two factors exist on "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases..., [but] [u]nder either formulation of the test, the plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.
 
 
 4
 We have held that "compelled" exposure to environmental tobacco smoke ("ETS") can serve as the gravamen for an Eighth Amendment claim. McKinney v. Anderson, 924 F.2d 1500, 1503-1504 (9th Cir.) ("McKinney I"), vacated and remanded sub nom. Helling v. McKinney, 502 U.S. 903 (1991) (vacating for reconsideration in light of Wilson v. Seiter, 501 U.S. 294 (1991)), reinstated and remanded, 595 F.2d 853 (9th Cir. 1992) ("McKinney II"), aff'd and remanded sub nom. Helling v. McKinney, 113 S.Ct. 2425 (1993) ("McKinney III"), remanded on remand, 5 F.3d 365 (9th Cir. 1993). An inmate stated a viable Eighth Amendment claim based on compelled exposure to ETS where he shared a jail cell with the smoker, was not allowed to transfer from that cell, and the prison had not yet adopted a no-smoking policy. McKinney I, 924 F.2d at 1500, 1502, 1510.
 
 
 5
 Nothing in the record before the district court at the time it denied LaPena's motion for preliminary injunction indicated that LaPena's job with the law library similarly compelled his exposure to ETS. LaPena failed to dispute that his work in the library is voluntary and that he could request a transfer to another work assignment or have prison books delivered to his cell. Because LaPena failed to demonstrate a significant threat of irreparable injury, the district court did not abuse its discretion by denying LaPena's request for a preliminary injunction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuits except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court treated LaPena's motion as requesting both a temporary restraining order and a preliminary injunction. To the extent that LaPena seeks review of the denial of a preliminary injunction, the order is appealable. See Religious Technology Ctr., Church of Scientology v. Scott, 869 F.2d 1306, 1307 (9th Cir. 1989)